Priority
Send
Enter
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN PICKS TWO, LLC, | Case No. CV 17-03368-SVW (RAOx) |
| Plaintiffs, | |
| v. | **ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS** |
| GRACE M. TURNER and ARCHANEL N. JENNINGS, | |
| Defendants. | |

## I.
## FACTUAL BACKGROUND

Plaintiff Morgan Picks Two, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Grace M. Turner, Archanel N. Jennings, and Does 1-10, on March 27, 2017. Notice of Removal ("Removal") and Attached Complaint for Unlawful Detainer ("Compl.") and Answer. Dkt. No. 1. Defendants are allegedly holdover occupants of real property located in Compton, California ("the property"). Compl., ¶¶ 1, 5-7. Plaintiff is the owner of the property. *Id.* at ¶¶ 1, 5.

Defendant Archanel N. Jennings ("Defendant") filed a Notice of Removal on May 4, 2017, invoking the Court's federal question jurisdiction. Removal at 2.

The same day, Defendant filed an application to proceed without prepaying fees or costs. Dkt. No. 3.

## II.
## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant asserts that this Court has subject matter jurisdiction due to the existence of a federal question. Removal at 2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

Here, the Court's review of the Notice of Removal and attached Complaint, and Answer makes clear that this Court does not have federal question jurisdiction

over the instant matter under 28 U.S.C. § 1331. First, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Second, there is no merit to Defendant's contention that federal question jurisdiction exists because the Defendant's Answer raises issues arising under federal law. Removal at 2. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). Thus, to the extent Defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

///
///
///
///
///
///
///
///

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Application to Proceed Without Prepaying Fees or Costs is DENIED as moot.

IT IS SO ORDERED.

DATED: 5/9/17

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE